May 19, 2004

Bob Hillman, D.V.M.                           Opinion No. GA-0191
Executive Director
Texas Animal Health Commission               Re: Whether the Texas Animal Health Commission
Post Office Box 12966                         may charge a fee for reviewing and processing
Austin, Texas 78711-2966                      health certificates after their completion by a
                                              private practitioner  (RQ-0140-GA)

Dear Dr. Hillman:

You ask whether the Texas Animal Health Commission (the "Commission") may charge a fee for reviewing and processing health certificates after their completion by a private practitioner.[1]

Chapter 161 of the Agriculture Code relates generally to the Texas Animal Health Commission. *See* TEX. AGRIC. CODE ANN. § 161.001-.149 (Vernon 1982 & Supp. 2004). Subchapter E thereof, which provides for the "regulation and importation of animals," contains section 161.081 authorizing the Commission to "regulate the movement . . . of livestock, exotic livestock, domestic animals, domestic fowl, or exotic fowl into this state." *Id.* § 161.081(a) (Vernon Supp. 2004). "The commission by rule may provide the method for inspecting and testing animals before and after entry into this state." *Id.* § 161.081(b). Furthermore, "[t]he commission by rule may provide for the issuance and form of health certificates and entry permits. The rules may include standards for determining which veterinarians of this state, other states, and departments of the federal government are authorized to issue the certificates or permits." *Id.* § 161.081(c). "The commission shall charge a fee of 25 cents for each health certificate." *Id.* § 161.081(d). You indicate that a Commission-approved veterinarian "writes a certificate of veterinary inspection after examination and testing, as appropriate, of animals to be shipped. Once a certificate of veterinary inspection is completed, a copy is then submitted to this office for review and processing." Request Letter, *supra* note 1, at 2. You ask whether the Commission may "charge an inspection fee for reviewing and processing the health certificates after completion by a private practitioner." *Id.*

You ask this question in light of a statutory provision adopted in 2003 by the Seventy-eighth Legislature. In House Bill 3442, the legislature enacted the following provision:

---

[1]*See* Letter from Bob Hillman, D.V.M., Executive Director, Texas Animal Health Commission, to Honorable Greg Abbott, Texas Attorney General, at 2 (Dec. 1, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

SECTION 5. ANIMAL HEALTH COMMISSION. (a) Subchapter C, Chapter 161, Agriculture Code, is amended by adding Section 161.060 to read as follows:

*Sec. 161.060. INSPECTION FEES. The commission may charge a fee, as provided by commission rule, for an inspection made by the commission.*[2]

Act of June 1, 2003, 78th Leg., R.S., ch. 200, § 5, 2003 Tex. Gen. Laws, 784, 785. Section 161.060 is not included within subchapter E of chapter 161 of the Agriculture Code, which describes the process for the issuance of health certificates relating to the importation of animals and authorizes the Commission to charge a fee of 25 cents for each certificate. Rather, it has been placed in Subchapter C, which describes the general powers and duties of the Commission. *See* TEX. AGRIC. CODE ANN. §§ 161.041-.060 (Vernon 1982 & Supp. 2004) (subchapter C).

Subchapter C contains two references to "inspections" that the Commission is authorized to perform. Section 161.048, for example, permits "[a]n agent of the commission . . . to stop and *inspect* a shipment of animals or animal products being transported in this state[.]" *Id.* § 161.048(a) (Vernon Supp. 2004) (emphasis added). Likewise, section 161.049 authorizes the Commission to "*inspect* and copy the records of a livestock, exotic livestock, domestic fowl, or exotic fowl dealer that relate to the buying and selling of these animals." *Id.* § 161.049(d) (emphasis added). And section 161.047 permits "[a] commissioner or veterinarian or *inspector* employed by the Commission [to] enter public or private property for the exercise of an authority or performance of a duty under this chapter." *Id.* § 161.047(a) (Vernon 1982) (emphasis added). The inspections authorized by subchapter C are the *only* Commission-authorized inspections contained within subchapter C of chapter 161.[3] With regard to the health certificates about which you inquire, you indicate that the Commission "does not perform an actual physical inspection of the animals represented on the certificate." Request Letter, *supra* note 1, at 2. Rather, "[t]he agency is providing oversight in that we evaluate the information on the certificate to determine the health status of the animal and assure the animal is in compliance with applicable health requirements." *Id.*

In our opinion, an "inspection" of a health certificate is not the kind of inspection contemplated by section 161.060. First, nowhere in chapter 161 is the word "inspection" used with regard to the issuance and review of health certificates. Second, section 161.060 was specifically included in subchapter C rather than in subchapter E of chapter 161. The only reference to "inspections" in subchapter E, as we have noted, has to do with the actual physical inspection of "inspecting and testing animals before and after entry into this state." TEX. AGRIC. CODE ANN. § 161.081(b) (Vernon Supp. 2004). Finally, the legislative history reveals a statement to the Senate

---

[2]Italicization indicates new language.

[3]As we have noted, section 161.081(b) declares that "[t]he commission by rule may provide the method for inspecting and testing animals before and after entry into this state." TEX. AGRIC. CODE ANN. § 161.081(b) (Vernon Supp. 2004). This provision, contained within the same section as the Commission's authority to "provide for the issuance and form of health certificates," refers only to the actual inspection of *animals*. *Id.* § 161.081(c).

Finance Committee by House Bill 3442's Senate sponsor, Honorable Kip Averitt, explaining the purpose of section 161.060:

> Section 5 allows the Animal Health Commission to charge a fee for inspections. This is permissive; it does not require any fees, but it is within authority *in case it ever happens*.

*Hearings on Tex. H.B. 3442 Before the Senate Finance Comm.*, 78th Leg., R.S. (May 23, 2003) (statement by Honorable Kip Averitt, Senate sponsor) (emphasis added). The use of the language "in case it ever happens" provides convincing evidence that the word "inspection" as used in section 161.060 is not intended to refer to the "inspection" of health certificates. According to the information you have provided us, the review of health certificates is a routine activity performed by the Commission. It is not the kind of physical inspection contemplated by section 161.048 and is not a prescribed duty of the Commission. *See* TEX. AGRIC. CODE ANN. § 161.048 (Vernon Supp. 2004) (providing that "the commission *is entitled* to stop and inspect . . . and *may detain* a shipment of animals") (emphasis added). We conclude, therefore, that the Animal Health Commission is not authorized to charge a fee for reviewing and processing health certificates after their completion by a private practitioner.

## S U M M A R Y

The Texas Animal Health Commission is not authorized to charge a fee for reviewing and processing health certificates after their completion by a private practitioner.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee